Todd Blanche
Deputy Attorney General of the United States
Alison L. Gregoire
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210 1494
Telephone: (509) 353 2767

**FILED IN THE U.S. DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

FEB 13 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMRON LEN GAUNT,<br><br>Defendant. | 2:25-CR-00147-MKD<br>2:25-CR-168-MKD-1<br><br>Plea Agreement |

Plaintiff United States of America, by and through Alison L. Gregoire, Assistant United States Attorney for the Eastern District of Washington, and Defendant, CAMRON LEN GAUNT ("Defendant"), both individually and by and through Defendant's counsel, Amy Rubin, agree to the following Plea Agreement:

1. <u>Guilty Plea, and Maximum Statutory Penalties</u>:

Defendant agrees to enter a plea of guilty to the Indictment returned on October 9, 2025, alleging Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony. Defendant understands the following potential penalties apply:

    a.    a term of imprisonment of not more than 20 years;

    b.    a term of supervised release of not more than 3 years;

    c.    a fine of up to $250,000; and

    d.    a $100 special penalty assessment.

//

PLEA AGREEMENT - 1

2. <u>Supervised Release:</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

    a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

4. <u>Potential Immigration Consequences of Guilty Plea:</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

    a. pleading guilty in this case may have immigration consequences;

    b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

PLEA AGREEMENT - 2

      d.      no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

     5.    <u>The Court is Not a Party to the Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

      a.      sentencing is a matter solely within the discretion of the Court;

      b.      the Court is under no obligation to accept any recommendations made by the United States or Defendant;

      c.      the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

      d.      the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

      e.      the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

      f.      the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea, unless otherwise provided for under this Plea Agreement.

//
//

PLEA AGREEMENT - 3

6.  Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.    The right to a jury trial;

    b.    The right to see, hear and question the witnesses;

    c.    The right to remain silent at trial;

    d.    The right to testify at trial; and

    e.    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7.  Elements of the Offense:

The United States and Defendant agree that to convict the Defendant of Bank Robbery, in violation of 18 U.S.C. § 2113(a), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about September 12, 2025, in the Eastern District of Washington, Defendant took money or property from another, while that money or property was in the care or custody of Cashmere Valley Bank;
>
> *Second*, such taking was by force and violence, or intimidation; and
>
> *Third*, the deposits of the Cashmere Valley Bank were then insured by the Federal Deposit Insurance Corporation (FDIC).

PLEA AGREEMENT - 4

8. <u>Statement of Facts and Stipulation</u>:

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

On July 5, 2025, Defendant was already in violation of his supervised release, having been released from the Bureau of Prisons (BOP) custody on July 2, 2025, following previous convictions for bank robberies.

On September 12, 2025, Defendant robbed the Cashmere Valley Bank, an FDIC-insured institution with an FDIC Unique Number of 860. The Cashmere Valley Bank is located at Maple Street Branch, 1100 Maple Street, Wenatchee, WA, 98801. Specifically, Defendant walked into the bank with a note which read, "$30K cash. No dye packs. No exploding bags." or words to that effect. The bank teller then provided Defendant the "bait money," marked currency with recorded serial numbers, which was around $100. Defendant made a comment to the teller about not going back to prison for a small amount and told the teller to give him more money. The teller surrendered all the cash in the register, totaling $2462.

When the Wenatchee Police responded, they reviewed surveillance video from inside the bank. Defendant was identified on video footage by his significant face and neck tattoos.

PLEA AGREEMENT - 5

On September 16, 2025, Defendant was located inside of another bank after the teller recognized Defendant from his previous robbery and armed the alarm. Defendant was contacted by the responding Wenatchee Police and subsequently arrested.

Upon arrest, Defendant admitted to having robbed the Cashmere Valley Bank. Defendant stated he wanted to get the cops' attention, and the only way he knew to do that was to do what he did.

Defendant stipulates and agrees that on or about September 12, 2025, Defendant approached a teller in the FDIC insured Cashmere Valley Bank, with a note demanding $30,000, which he acknowledges constitutes intimidation.

9.    The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment, or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement or attempts to, or does, obstruct justice.

10.   United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations:

  a.   *Base Offense Level and Relevant Conduct*:

The United States and Defendant agree Defendant's base offense level is 20. USSG §2B3.1(a).

//
//

PLEA AGREEMENT - 6

   b.   *Specific Offense Characteristics*:

The United States and Defendant agree the offense level should be increased by 2 levels, as the property of a financial institution was taken. USSG §2B3.1(b)(1).

   c.   *Career Offender*:

The United States and Defendant agree the offense level is increased to a level 32, as Defendant is a career offender, and the offense in question carries a maximum penalty of 20 years or more. USSG §4B1.1(a), (b)(3).

   d.   *Acceptance of Responsibility*:

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b).

   e.   *Agreements Regarding Representations to the Court*:

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

Regarding all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

   i.   The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

   ii.  The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

   iii. The United States and Defendant may each present and argue any additional facts that the United States or

PLEA AGREEMENT - 7

|     |     |
| --- | --- |
|     | Defendant believe are relevant to the Sentencing Guidelines computation or sentencing; |
| iv. | The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report; |
| v. | The United States and Defendant may each respond to any arguments presented by the other; |
| vi. | In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court; |
| vii. | In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court; |
| viii. | The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and |
| ix. | Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate. |

f.   *No Other Agreements*:

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or

PLEA AGREEMENT - 8

variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    g.    *Criminal History*:

The United States and Defendant agree Defendant will be a Criminal History VI, by virtue of the career offender designation. USSG §4B1.1.

11.    Length of Incarceration:

The United States agrees to recommend a sentence of imprisonment of not more than 151 months. Defendant is free to recommend any legal sentence.[1]

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no

---

[1] Defendant is on federal supervised release under Case No. 2:25-CR-168-MKD-1. As part of this resolution, Defendant intends to admit to all pending violations of his federal supervised release. The United States intends to recommend the sentences in 2:25-CR-168-MKD-1 and 2:25-CR-00147-MKD run concurrent. The United States agrees to recommend no more than 151 total months of incarceration total for case numbers 2:25-CR-168-MKD-1 and 2:25-CR-00147-MKD.

PLEA AGREEMENT - 9

promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

12. <u>Supervised Release</u>:

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

13. <u>Forfeiture:</u>

The United States and Defendant agree forfeiture applies. *See* 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). With respect to forfeiture, the United States and Defendant agree to the following:

(a) <u>Forfeitable Property:</u>

The United States shall seek a forfeiture money judgment in this matter and will not seek to forfeit specific property, except as set forth in this Plea Agreement or authorized by law. The United States will not seek to forfeit proceeds in an amount exceeding what Defendant actually obtained as a result of the crime. *See Honeycutt v. U.S.*, 137 S. Ct. 1626 (2017).

(b) <u>Money Judgment</u>

Defendant agrees to forfeit to the United States all right, title, and interest in the following property: a $2462.00 money judgment, which represents the amount of proceeds Defendant obtained as a result of his illegal conduct.

(c) <u>Substitute Property</u>

PLEA AGREEMENT - 10

Defendant understands the United States may seek for Defendant to forfeit substitute property in satisfaction of the money judgment if the United States can establish the following regarding the above-described property (*i.e.*, the money judgment): a) it cannot be located upon the exercise of due diligence; b) it has been transferred or sold to, or deposited with, a third party; c) it has been placed beyond the Court's jurisdiction; d) it has substantially diminished in value; e) it has been commingled with other property and cannot be divided without difficulty. *See* 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p). The United States will not seek to forfeit substitute property from other defendants or co-conspirators; it may only forfeit substitute property from Defendant. *See* 21 U.S.C. § 853(p).

(d) <u>Application of Forfeited Property to Restitution</u>

Defendant understands the United States will seek restitution for the victim(s) in this case independent of this money judgment. It is the parties' mutual understanding that the United States Attorney's Office will seek approval to apply the proceeds of any forfeited assets to Defendant's restitution obligations. Defendant recognizes the final decision to approve this application rests with the Attorney General. *See* 18 U.S.C. § 981(d), (e); *see also* 28 C.F.R. 9 *et. seq.*

(e) <u>Cooperation on Forfeited Assets:</u>

Defendant agrees to cooperate with the United States in passing clear title on all forfeited assets and to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets. Defendant also agrees to assist the United States in locating any assets that 1) are the proceeds of illegal conduct (as outlined in this Plea Agreement) and 2) have not been dissipated. If such assets are located, then Defendant will stipulate to their forfeiture.

(f) <u>Waiver:</u>

Defendant agrees to waive oral pronouncement of forfeiture at the time of sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(B).

(g) <u>Non-Abatement of Criminal Forfeiture:</u>

PLEA AGREEMENT - 11

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

14. **Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013.

15. **Criminal Fine:**

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

16. **Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17. **Additional Violations of Law Can Void Plea Agreement:**

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence,

PLEA AGREEMENT - 12

Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

//

18. <u>Waiver of Appeal and Collateral Attack Rights</u>:

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of

PLEA AGREEMENT - 13

Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

19. <u>Withdrawal or Vacatur of Defendant's Plea</u>:

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. this Plea Agreement shall become null and void;

    b. the United States may prosecute Defendant on all available charges;

    c. the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

PLEA AGREEMENT - 14

20.  **Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Deputy Attorney General

_____       13 Feb 2026
Alison L. Gregoire                              Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____       2/13/26
CAMRON LEN GAUNT                        Date
Defendant

PLEA AGREEMENT - 15

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____    Date _2/13/26_
Amy Rubin
Attorney for the Defendant

PLEA AGREEMENT - 16